IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 6:12-00148

ANDREW TRACY OLDAKER

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Andrew Tracy Oldaker's *pro se* letter-form motion for compassionate release. ECF No. 51. The Government has responded in opposition to the motion. Defendant did not reply. Upon consideration, the Court **DENIES** Defendant's motion for the following reasons.

In December 2018, Congress enacted the First Step Act. *See* Pub. L. No. 115-391, 132 Stat. 5194. Therein, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); The First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5239 (Dec. 21, 2018). Before an inmate may request such a reduction from the court, however, they first must ask the Bureau of Prisons (BOP) to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the request or does not respond within 30 days, an inmate may file a motion with the court pursuant to § 3582(c)(1)(A)(i). *Id.* In this case, the Government acknowledges that Defendant has met the exhaustion requirement.

By exhausting his administrative remedies with the BOP and then asking this Court to award him compassionate release, the Court "must determine . . . whether extraordinary and compelling reasons warrant such a reduction" and decide if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (citing 18 U.S.C. § 3582). Once that analysis is complete, the Court may "grant the motion if . . . the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *Id*.

If compassionate release is sought for medical reasons, the Fourth Circuit has observed that the commentary to U.S.S.G. § 1B1.13 and the BOP's internal guidance can be helpful in considering if the inmate has presented an extraordinary and compelling reason that supports a reduction in sentence. *United States v. Hargrove*, 30 F.4th 189, 197 (4th Cir. 2022) (internal quotation marks and citations omitted).[1] With regard to medial conditions, § 1B1.13's commentary provides that:

> "extraordinary and compelling reasons exist" when (1) "[t]he defendant is suffering from a terminal illness" or (2) "[t]he defendant is . . . suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*Id*. (quoting U.S.S.G. § 1B1.13 cmt. n.1 (A)). The commentary further provides for consideration of an inmate's age, "family circumstances," and a catchall of "other reasons."

---

[1] Though helpful when an inmate files a motion with the Court, § 1B1.13 only directly concerns when the BOP files the motion. *Id.*

2

U.S.S.G. § 1B1.13 cmt. n.1 (B)-(D). Additionally, the BOP's internal guidance "contemplates release being given only to inmates who have a terminal medical condition or a debilitat[ive] medical condition" and must be considered together with a variety of other factors. *Id.* (internal quotation marks omitted; citing U.S. Dep't of Just., Fed. Bureau of Prisons, Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*, 4–5 (Jan. 17, 2019) (cleaned up)).[2] While not creating a definitive standard to apply when inmates seeks judicial relief, § 1B1.13's commentary and the BOP guidance are included as part of the "multifaceted" inquiry taken by courts in light of "the totality of the relevant circumstances." *Id.* at 198.

If extraordinary and compelling reasons are found to exist, the court must consider whether a reduction in sentence is warranted in light of the sentencing factors set forth in 18 U.S.C. § 3553(a). *See United States v. Mangarella*, 57 F.4th 197, 200 (4th Cir. 2023) ("When extraordinary and compelling reasons have been established, the court must consider the relevant § 3553(a) sentencing factors to determine whether a sentence reduction is warranted."). Those factors consist of:

---

[2] The Fourth Circuit stated that those factors include, *inter alia*, the "nature and circumstances of the inmate's offense and his criminal history; comments from victims; the inmate's personal history; institutional adjustment and disciplinary infractions; the inmate's age; and his release plans." *Id.* (internal quotation marks and brackets omitted).

> "the nature and circumstances of the offense"; "the history and characteristics of the defendant"; "the need to avoid unwarranted sentence disparities"; and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner."

*United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 28 U.S.C. § 3553(a)).

In this case, Defendant pled guilty on December 10, 2012 to Possession of Child Pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). On May 6, 2013, the Court conducted a sentencing hearing. At the time, Defendant had four criminal history points: three points for First Degree Sexual Abuse[3] and one point for Failing to Register as a Sex Offender. With a Criminal History Category of III and a total offense level of 35, the defendant's guideline range was 210 to 262 months. However, the Court granted Defendant's request for downward variance and sentenced him to 168 months incarceration and a lifetime term of supervised release.

In support of his compassionate release motion, Defendant simply lists a number of health conditions he has. These include untreated high blood pressure, borderline high cholesterol, a torn cartilage in his right hip, a heal spur, and a hernia. He also lists a family history of a variety of ailments.[4] Defendant's primary complaint is that his hernia is painful and that he is afraid it will rupture. Additionally, Defendant asserts that he has been rated a low risk to recidivate.[5]

---

[3]According to the Presentence Report, Defendant was charged with two counts of First Degree Sexual Abuse. The victims were five and six years old. He pled guilty to one count, and the other count was dismissed.

[4]Defendant does not assert he should be released due to the COVID-19 pandemic.

[5]Defendant attached a copy of his FSA Recidivism Risk Assessment. ECF No. 51, at 3.

4

In its response, the Government acknowledges that Defendant has a hernia, but it points out he has been evaluated and is recommended for surgery. The Government also confirms that Defendant has complained of hip pain and a heal spur and experiences high blood pressure with obesity. However, the Government argues that none of Defendant's conditions support a reduction in his sentence. Upon review, the Court agrees.

Defendant is currently 47 years old and housed at FCI Fort Dix, with a projected release date of July 30, 2024. Defendant is considered to have a physical health "Care Level 2" and a mental health "Care Level 1." A "Care Level 2" inmate is deemed a "stable outpatient[] who require[s] clinician evaluations monthly to every 6 months." *Care Level Classification for Medical and Mental Health Conditions or Disabilities, Fed. Bureau of Prisons Clinical Guidance* (May 2019), at 2, available at https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf.[6] Additionally, a physician at the facility conducted a medical review on January 5, 2023, in which

---

[6]A mental health "Care Level 1" is someone who has:

> No history of psychosis or mania (other than related to substance abuse)
> ***AND***
> No history of hospitalization (other than related to substance abuse) in the last 5 years ***AND***
> Requires outpatient contacts with a prescribing clinician no more frequently than every 6 months on a chronic basis to maintain outpatient status ***AND***
> Symptoms are controlled on no more than 2 psychotropic medications, excluding atypical antipsychotics[.]

*Id*. at 14.

he determined Defendant did not "have a documented medical diagnosis of an incurable, progressive illness . . . [and] has not suffered a debilitating injury from which he . . . will not recover[.]" *Reduction in Sentence Eligibility Review*, ECF No. 55-4. He also found Defendant was not "completely disabled, unable to perform activities of daily living and totally confined to a bed or chair[, or] . . . only capable of limited self-care and confined to a bed or chair more than 50% of waking hours[.]" *Id.*

The Court finds nothing about Defendant's ailments, either by themselves or in combination, that rise to the level of an extraordinary and compelling reason to reduce his sentence. None of Defendant's conditions are considered terminal, and he does not allege his conditions substantially diminish his ability to provide self-care at the facility. While Defendant may be experiencing pain from his hernia, he already has been recommended to undergo surgery to repair it. The fact is that Defendant suffers from relatively common and minor medical conditions that simply do not qualify as extraordinary and compelling.

Moreover, even if Defendant asserted an extraordinary and compelling reason justifying a reduction of sentence, which he did not, the Court finds a sentence reduction would not be warranted in light of the § 3553(a) factors. While Defendant maintains he was deemed by the BOP as a low risk to recidivate and he appears to have had only two disciplinary infraction,[7] the Court cannot ignore the fact he was convicted of Possession of Child Pornography, following convictions for First Degree Sexual Abuse and Failing to Register as a Sex Offender. In addition,

---

[7]The Government states these occurred in 2014 and 2015.

the Court already granted Defendant a significant variance when it sentenced him to 168 months, down from the calculated Guideline range of 210 to 262 months. Taking a holistic approach to resentencing and considering the totality of the circumstances, the Court finds a sentence of 168 months is "sufficient, but not greater than necessary"[8] to fulfill the purpose of sentencing and continues to reflect the appropriate balance between Defendant's personal circumstances and the need to punish him for his serious criminal conduct. *See Hargrove*, 30 F.4th at 197 (stating courts must "balance the severity of the inmate's personal circumstances, on the one hand, against the needs for incarceration, on the other"). Thus, the Court concludes § 3553(a) factors also do not support a reduction of his sentence.

Accordingly, for the foregoing reasons, the Court finds Defendant has not set forth extraordinary and compelling reasons warranting a reduced sentence and, even if he had, the Court finds a reduction would not be justified under § 3553(a). Therefore, the Court **DENIES** Defendant's letter-from motion for compassionate release. ECF No. 51.

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:   March 28, 2023

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[8] 18 U.S.C. § 3553(a).